Filed 5/6/21  P. v. Reyes CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B304518 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA058220) |
| v. | |
| RAMON REYES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Doris M. LeRoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles Lee and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

We affirm the trial court's decision to deny Ramon Reyes's resentencing petition.

Reyes in 2002 brought a loaded gun to the bleachers at the Irwindale Speedway. (*People v. Reyes* (Dec. 21, 2004, B167404) [nonpub. opn.] [2004 WL 2943240 at p. *1] (*Reyes*).) Reyes said "some African-American men began fighting with [Reyes's] companions, and then one of the men punched [Reyes]." (*Id*. at p. *4.) Reyes responded by shooting a combatant: one Leo Elder, who died at the scene. (*Id*. at pp. *1 & *4.) The gunshot made people move away from Reyes. (*Id*. at p. *2.)

Kimberly Garcia was not involved with the fight or with Reyes. Rather, she was standing apart from the fray, in front of the bleachers. Reyes's gunshot made her look up. (*Reyes*, *supra*, 2004 WL 293240 at p. *2.) She saw Reyes, "who stood out because the crowd was fleeing from him." (*Ibid*.) "Garcia made eye contact with [Reyes], who aimed the gun at her. She was about 45 feet from [Reyes]. After looking at [Reyes] a second or two, Garcia began running toward the exit. She heard another shot and felt it strike her buttocks. With a limp, she continued to run. Garcia went around a corner and heard another shot, then felt it strike the right side of her body, at the ribcage." (*Ibid*.) Garcia suffered serious and permanent injuries. (*Id*. at p. *1.) Reyes shot Garcia to try to eliminate a witness. (*Id*. at p. *3.)

The jury convicted Reyes of the murder of Leo Elder, the attempted murder of Kimberly Garcia, and an assault on a man grazed by a bullet that passed through Garcia. (*Reyes*, *supra*, 2004 WL 293240 at pp. *1 & *9.) An appellate opinion affirmed Reyes's convictions in 2004. (*Id*. at p. *13.)

Reyes filed a petition for resentencing under Penal Code section 1170.95. The trial court summarily denied the petition

because Reyes was "the actual killer and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences." The trial court reviewed the record of conviction, including the jury instructions and our previous opinion affirming the conviction. The trial court found Reyes was the actual killer and there were no jury instructions relating to aiding and abetting, felony murder, or the natural and probable consequences doctrines.

Reyes appealed.

The trial court correctly found Reyes was ineligible for relief under Section 1170.95. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325–333, review granted Mar. 18, 2020, S260493.)

Reyes argues the trial court erred in failing to appoint him counsel once he filed a petition that complied with subdivision (b). Reyes acknowledges *Verdugo* and the other cases finding to the contrary, but claims they are incorrect and urges us instead to follow *People v. Cooper* (2020) 54 Cal.App.5th 106.

We believe *Verdugo* sets forth the correct analysis. We hew to its holding.

There was no need to appoint counsel in this case. The appellate record shows Reyes's murder conviction had nothing to do with accomplice liability, with felony murder, or with the natural and probable consequences doctrine. Acting alone, Reyes carried a loaded gun and then, acting alone, shot a man to death. Penal Code section 1170.95 does not apply to Reyes's case.

## DISPOSITION

We affirm the order.

                                            WILEY, J.

We concur:


BIGELOW, P. J.


GRIMES, J.